LEDOUX<br>*v.*<br>ALLEGRE.

---

## SUCCESSION OF JEAN LEON BOUDREAU.

The recital in a noncupative will, by public act, that the testator "has revoked and does by this act revoke," a certain former will by him made, is not an interpolation of an act *inter vivos*, and a turning aside to other matters within the meaning of Art. 1571 C. C., such as to vitiate the will.

APPEAL from the District Court of Vermillion, *Voorhies*, J.

*Crow & Girard*, for appellant, cited : C. C., 1588 ; 1 Rob., 48 ; 12 Rob., 39 ; 5 Rob., 503 ; C. C., 1687.

*C. H. Mouton*, for appellees, cited : C. C., 1684 ; *Fusilier* v. *Masse*, 4 L. R., 424 ; Toullier, vol. 5, book 3, tit. 2, chap 5, No. 620-626.

MERRICK, C. J.    Opposition to the execution of the last will and testament of said *Boudreau.*

The appeal in this case is taken from a judgment of the lower court declaring, in effect, that the will of said *Boudreau,* of the 27th of August, 1852, was revoked by an instrument passed before the Recorder of the parish of Lafayette, on the 17th of September of the same year.

The appellants contend that this last mentioned instrument, which was proved in the presence of three witnesses, is void, for the following reasons, viz:

1st.    That nothing shows that the will was read to the testator in the presence of the witnesses.

2d.    Because there is an interpolation of an act *inter vivos,* an ordinary notarial act, which vitiates the act as a will, for it was a turning aside to another act.

I.    We think it clearly appears from the will that it was read to the testator in the presence of the witnesses.    The instrument, after stating that it was declared and dictated in the presence of the witnesses, has the following language, viz:

" Que (le Recorder) décrit tel qu'il a été dicté qui en a ensuite donné lecture au dit comparant, le dit *Jean Léon Bodreau* déclarant le bien comprendre et y préserver, le tout déclaré dicté écrit et lu en présence de ses sus-dits trois témoins, qui ont signé ces présentes."

It is true that it does not all appear, from same part of the sentence, that the reading was in the presence of the witnesses, but it clearly appears from the context that the dictation, the writing and the reading of the will to the testator, were all done in the presence of the witnesses.

*Keller et al.* v. *McCalop et al.,* 12 R. R., 642.

II.    On the second point, it is urged that the following clause, viz., " Lequel comparant a déclaré comme il déclare par cet acte d'avoir révoqué et annullé son testament en part et en tout, fait devant moi l'autorité soussigné le vingt-sept d'août le mois passé," is not a testamentary disposition, and vitiates the act.

Article No. 1685 of the Civil Code provides that the act by which a testamentary disposition is revoked, must be made in one of the forms prescribed for testaments, and clothed with the same formalities.

The power of revocation is absolute, and the testator cannot renounce it or bind himself to exercise it under restriction.    C. C., 1683.

Article 1684 C. C. divides revocations into express or tacit, general or particular, and then says it (revocation) is express where the testator *has formally declared in writing* that he revokes his testament, or that he revokes such a legacy or a particular disposition.    We see nothing more in the language referred to, that is contemplated in this Article of the Code.

We have been referred to the decision in the case of the succession of *John W. Daigle,* 12 R. R., 503, to show that the introduction into a will of matter foreign to testamentary dispositions, is itself a turning aside to other acts, and therefore vitiates the will.    The foreign matter introduced into the will of *John W. Daigle* was the following : " The parties dispense with the certificate required by Article 3328 of the Civil Code, and exonerate the said Notary from all liability on account of the non-production of the same."    The court annulled the will on the ground that the foregoing was matter *inter vivos,* and was the turning aside to other acts, reprobated by law.

In the instrument before us, the object of the party was solely to revoke a former will, and we can see nothing in it in contravention of law, and it appears to be in accordance with the Articles of the Code already cited.

It is therefore ordered, adjudged and decreed by the court, that the judgment appealed from be affirmed, and that the appellants pay the costs.